1

2

3

4

5

6

7

8

9        UNITED STATES DISTRICT COURT

10              EASTERN DISTRICT OF CALIFORNIA

11

KENNETH DEAN DAWSON,               )    1:09-CV-00358 SMS HC
12                                   )
                    Petitioner,      )    ORDER DISMISSING PETITION FOR WRIT
13                                   )    OF HABEAS CORPUS
          v.                         )
14                                   )    ORDER DIRECTING CLERK OF COURT
                                     )    TO ENTER JUDGMENT
15   AVENAL STATE PRISON, et al.,    )
                                     )    ORDER DIRECTING CLERK OF COURT
16                  Respondents.     )    TO MAIL PETITIONER BLANK FORMS
     _____)    FOR FILING CIVIL RIGHTS ACTION
17

18        On February 25, 2009, Petitioner filed a petition for writ of habeas corpus in this Court. He

19   has returned his consent/decline form indicating consent to exercise of Magistrate Judge jurisdiction.

20                                         **DISCUSSION**

21        Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

22   of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

23   from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing

24   2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only

25   grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation

26   of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a

27   prisoner to challenge the "legality or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574

28   (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes

to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims prison staff have illegally opened his confidential legal mail. He seeks a court order enjoining prison staff from continuing to do so. Petitioner is challenging the conditions of his confinement, not the fact or duration of that confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

IT IS SO ORDERED.

**Dated:   May 6, 2009**                    _____/s/ Sandra M. Snyder_____
                                             UNITED STATES MAGISTRATE JUDGE